IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KRISTI E. PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 09-3269-CV-S-JCE-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401 et seq. and supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be remanded under sentence four for further proceedings consistent with this opinion.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814

(8th Cir. 1994).

## Discussion

In this case, plaintiff alleged disability beginning June 1, 2005. She asserts that she is disabled due to bipolar disorder, depression, anxiety attacks, insomnia, post-traumatic stress disorder ["PTSD"], paranoia, epileptic seizures, self-isolating behavior, and crying spells. She has a twelfth grade education, and past work as a resident assistant and retail worker.

The ALJ found that plaintiff has been diagnosed with a bipolar disorder, post-traumatic stress disorder, and a schizoaffective disorder. He found that her "mental impairments preclude performance of more than unskilled work." [Tr. 21]. He found that she could not perform any past relevant work, but that, based on the medical-vocational guidelines, she can perform simple and/or unskilled tasks of light work, which exist in significant numbers in the national economy. Therefore, it was the finding of the ALJ that plaintiff did not suffer from a disabling mental condition.

Defendant notes that, although the issue was not raised by the plaintiff, in the recent case of King v. Astrue, 564 F.3d 978, 979 (8th Cir. 2009), the Eighth Circuit Court of Appeals held that an ALJ may not rely solely on the medical-vocational guidelines to direct a finding of not disabled when a claimant has a severe mental impairment. Defendant submits that should the Court find that the ALJ's decision was in violation of King, the proper remedy is remand, rather than outright reversal.

The Court has carefully reviewed the record, as well as the King decision, and finds that remand is proper in this case. The law is clear that, when a plaintiff has a severe mental impairment and cannot return to her past relevant work, an ALJ must include limitations for the

mental impairment in a hypothetical to a vocational expert. King, 564 F.3d at 979. The Court is of the opinion, having fully reviewed the evidence before it, that the ALJ erred in not utilizing a vocational expert, and that the record is inadequately developed regarding the extent to which plaintiff's mental impairments affect her ability to perform substantial, available work.

It is therefore

ORDERED, ADJUDGED AND DECREED that, pursuant to sentence four of 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: September 3, 2010